# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                     Case No. 17-cr-20803

ORLANDO ALEJANDRO MOYA-ARAVENA,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION OF LENIENCY**

Pending before the court is Defendant Orlando Alejandro Moya-Aravena's "Motion of Leniency for My Harsh Incarceration" filed under 18 U.S.C. § 3582 on March 3, 2023. (ECF No. 29.) On April 21, 2023, the Government filed its response. (ECF No. 32.) The court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(1)–(2). For the reasons stated below, the court will deny the motion.

## I. INTRODUCTION

On January 10, 2018, Defendant pled guilty to unlawful re-entry, 8 U.S.C. § 1326(a). On May 21, 2018, the court sentenced him to a term of incarceration for 87 months along with a 36-month, non-reporting term of supervised release contingent on Defendant not being present in the United States. (ECF No. 18, PageID.31–34.) Defendant's current projected date of release is February 13, 2024.

In his three-page motion, while citing 18 U.S.C. § 3582, Defendant requests that the court reduce his sentence pursuant to the "Harsh-Ship Act," which he contends calls for a 10 to 12 month reduction in sentence for individuals incarcerated during the public health crisis presented by the Coronavirus Disease ("COVID-19"). (ECF No. 29,

PageID.103–04.) The Government opposes Defendant's motion, maintaining that he fails to demonstrate exhaustion of the relevant administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 113, PageID.112–14.)

Defendant brings his motion under "The Harsh-Ship Act." The court is unaware of any such act or of any statute generally permitting a defendant to request leniency as to his sentence. However, Defendant explicitly refers to 18 U.S.C. § 3582 in his motion and relies on no other statutory citation. Given the substance of Defendant's motion and his express reference to 18 U.S.C. § 3582, the court will construe his motion as one for compassionate release under the framework of § 3582(c).

## II.  DISCUSSION

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release himself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors weighing in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108,

1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

However, before the court may consider a motion for compassionate release, Defendant must exhaust his administrative remedies at the Federal Bureau of Prison ("BOP"). *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release himself only after he submits a request for compassionate release to his warden and "fully exhaust[s] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." "It is Defendant's burden to establish he has exhausted all his administrative remedies." *United States v. Faraj*, No. 2:13-CR-20564-01, 2021 WL 1857190, at *1 (E.D. Mich. May 10, 2021) (Murphy, J.). Because the exhaustion requirement is a mandatory claim-processing rule, it is subject to waiver and forfeiture. See *Alam*, 960 F.3d at 834–35 (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

Here, Defendant does not appear to have exhausted his administrative remedies before submitting the present request for compassionate release under 18 U.S.C. § 3582. He has not alleged or presented affirmative evidence that he exhausted his administrative appeals with the BOP or that he waited 30 days after submitting an initial compassionate release request to the warden of his detainment facility, as required by 18 U.S.C. § 3582(c)(1)(A). Rather, the Government has represented that it confirmed independently with the BOP that, as of April 21, 2023, Defendant has not presented the

3

BOP with a compassionate release request. (ECF No. 32, PageID.114.) Thus, because Defendant has failed to meet his burden of proving administrative exhaustion, his motion must be denied.

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion of Leniency for My Harsh Incarceration" (ECF No. 29) is DENIED.

                                              s/Robert H. Cleland        /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: May 12, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2023, by electronic and/or ordinary mail.

                                              s/Lisa Wagner         /
                                              Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\17-20803.MOYA-ARAVENA.CompassionateRelease.EKL.docx